IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JUSTIN FIELDS,                       )
                                     )
Plaintiff,                           )
                                     )
v.                                   )        11-CV-3368
                                     )
JAMES C. CLAYTON,                    )
JOSEPH HANKINS,                      )
SHAN JUMPER, and                     )
JOE PROCTOR,                         )
                                     )
Defendants.                          )

OPINION

Plaintiff proceeds pro se from his detention in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Act. He pursues a First Amendment claim regarding the confiscation of his discs, flash drives, and DVD player. He also pursues a procedural due process claim based on his discipline for allegedly creating and distributing nude images of children in the facility.

Before the Court are Defendants' motions for summary judgment. At this stage, the Court views the evidence in the light most favorable to Plaintiff, resolving material factual disputes in

Plaintiff's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Having reviewed the parties' submissions, the Court concludes that summary judgment must be entered for Defendants on Plaintiff's First Amendment claim. Plaintiff was investigated for and found guilty of creating and distributing nude images of children to other detainees in the facility. Confiscating Plaintiff's electronic media was rationally related to the facility's interest in security and rehabilitation.[1] *See* Turner v. Safely, 482 U.S. 78, 89 (1987)(setting forth legal standard for analyzing First Amendment claims by prisoners). To the extent Plaintiff argues that he is innocent of the charges, that argument is basically his procedural due process claim repackaged: that Plaintiff was entitled to notice and an opportunity to defend against those charges.

As to Plaintiff's procedural due process claim, the Court concludes that Plaintiff was not given adequate notice of the facts underlying the disciplinary charge against him and therefore did not have a meaningful opportunity to defend himself. Wolff v. McDonnell, 418 U.S. 539, 563–64 (1974)(advance written notice

---

[1] Plaintiff eventually received everything back but his DVD player, which he was required to send home. (Pl.'s Dep. pp. 77-80.)

must "give the charged party a chance to marshal the facts in his defense and to clarify what the charges are, in fact."); Northern v. Hanks, 326 F.3d 909 (7th Cir. 2003)(inmates "are entitled to receive advance written notice of the charges against them" which "should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge.")

Plaintiff was charged with "unauthorized property," which, as Plaintiff puts it, can be anything from an extra roll of toilet paper to a weapon. Plaintiff did know from Defendant Clayton's oral interrogation that Defendants were investigating the distribution of pornography and that a detainee had fingered Plaintiff as the source. However, even ignoring that Defendant Clayton's remarks were not written notice, those remarks did not provide enough information for Plaintiff to marshal a defense against the vague charge that was written--"unauthorized property." The Committee relied entirely on Clayton's investigative report to find Plaintiff guilty without giving Plaintiff notice of the allegations against Plaintiff in that report. Plaintiff therefore had no meaningful opportunity to defend himself.

Even so, the Court cannot determine from this record whether Plaintiff's discipline affected any constitutionally protected liberty interest.  If Plaintiff suffered no constitutional deprivation, then he was not entitled to any procedural due process.  <u>Miller v. Dobier</u>, 634 F.3d 412, 415 (7th Cir. 2011)("Disciplinary measures that do not substantially worsen the conditions of confinement of a lawfully confined person are not actionable under the due process clause").

Plaintiff contends, and the record supports, that Plaintiff's discipline for creating and distributing the images negatively affected his detention proceedings in state court and his re-evaluation for conditional release.  However, to the extent Plaintiff is challenging his detention, that challenge can proceed only as a federal habeas action after Plaintiff exhausts his state court remedies and the satisfies other federal habeas corpus requirements.  *See, e.g.,* <u>Lieberman v. Thomas</u>, 505 F.3d 665 (7th Cir. 2007)(example of habeas challenge by a sexually violent person regarding alleged due process violation in probable cause hearing); <u>Varner v. Monohan</u>, 460 F.3d 861 (7th Cir. 2006)(example of habeas action by a sexually violent person challenging constitutionality of commitment procedures); *see also* <u>Sweeney v.</u>

Bartow, 612 F.3d 571 (7th Cir. 2010)(Younger abstention doctrine counseled against federal court interference in ongoing state commitment proceedings under the Sexually Violent Persons Act).

Plaintiff's detention therefore cannot be the constitutionally protected liberty interest that gives rise to Plaintiff's claims in this case.  Neither can Plaintiff's placement on "special management status" for five days pending the investigation and the disciplinary hearing be the basis for Plaintiff's claims.  According to Plaintiff, he was removed from his room and confined in what Plaintiff calls a "strip cell":  a cell with a bunk, table, bench, toilet, and sink but no electricity, no mattress, and none of Plaintiff's clothes or property. (Pl.'s Dep. pp. 45, 83-84.)  This relatively short initial segregation was justified by legitimate security concerns in locating the source of and stemming the distribution of the images.  See Holly v. Woolfolk, 415 F.3d 678 (7th Cir.2005)(pretrial detainee's placement in segregation for two days without hearing did not state claim for violation of due process rights); Higgs v. Carver, 286 F.3d 437, 438 (7th Cir. 2002)(placing detainee in segregation not as punishment but for "managerial reasons" such as lack of space or to protect jail staff does not violate detainee's due process rights).

However, Plaintiff's placement on "close status" for 30 days by the Committee may have affected a protect liberty interest. The Court is aware that in <u>Miller v. Dobier</u> the restrictions associated with "close status" at Rushville were found to be too slight to trigger procedural due process protections. <u>Miller v. Dobier</u>, 634 F.3d 412, 415 (7th Cir. 2011). But the term "close status" is just a label. The Court cannot tell if the label means the same here as it did in <u>Miller</u>. The plaintiff in <u>Miller</u> was allowed outside of his room until 9:30 at night, could receive visits from family, and was permitted to have at least some of his property and clothes. 634 F.3d at 414. Here, Plaintiff stayed in the same strip cell as he had during the investigation and was permitted to leave the cell for only four hours per day. (Pl.'s Dep. p. 45.) Defendants do not provide sufficient detail of the deprivations during Plaintiff's close status for the Court to determine whether a protected liberty interest was affected. Without detailed information on the deprivations, the Court cannot conduct a qualified immunity analysis.

A liberty interest might have also existed in the treatment programs offered to Plaintiff. Plaintiff was removed from the substance abuse treatment program as part of the punishment,

and, he believes, put at the bottom of the wait list for that program as well as other treatment programs.  (Pl.'s Dep. p. 54-55.) Inmates have no constitutionally protected interest in attending rehabilitation or educational programs.  *See, e.g.,* Antonelli v. Sheahan, 81 F.3d 1422 (7th Cir. 1996)("[P]articipation in a rehabilitative program is a privilege that the Due Process Clause does not guarantee.")  However, Plaintiff is a civil detainee, not an inmate, and Plaintiff has a serious mental disorder for which he is constitutionally entitled to treatment.  Allison v. Snyder, 332 F.3d 1076, 1081 (7th Cir. 2003)("(a) committed persons are entitled to some treatment, and (b) what that treatment entails must be decided by mental-health professionals").

Defendants aver that the substance abuse treatment program is not a prerequisite for participating in sex offender treatment nor a necessary step for conditional release.  However, Plaintiff points to evidence that the substance abuse treatment program, at least for him, is a required part of his treatment plan.  (Confidential Entry to Treatment Evaluation, p. 5, ¶ 5, Ex. F to Plaintiff's Response to Def. Jumper's Motion for Summary Judgment.)  Additionally, an inference arises from Plaintiff's deposition that Plaintiff was not

invited to attend other treatment programs because of his close status.  (Pl.'s Dep. pp. 54-55.)  The Court cannot tell how long Plaintiff was suspended from these programs or whether he was placed at the bottom of the wait list after his suspension.  More information is needed to determine whether Plaintiff's ability to participate in the programs was hindered significantly enough to implicate a constitutionally protected liberty interest.

IT IS THEREFORE ORDERED:

    1)  Defendants' motions for summary judgment are granted in part and denied in part (d/e's 38, 43).  Summary judgment is granted to Defendants on Plaintiff's First Amendment claim.  Summary judgment is denied on Plaintiff's procedural due process claim.

    2)  Defendants may renew their summary judgment motions on the procedural due process claim by February 17, 2014.

    3)  A final pretrial conference is scheduled for May 5, 2014, at 1:30 p.m..  Plaintiff shall appear by video conference.  Defense counsel shall appear in person.  The trial date will be chosen at the final pretrial conference.

4)  An agreed, proposed final pretrial order is due April 28, 2014.

5)  Motions in limine are due April 21, 2014, with responses thereto due April 28, 2014.

6)  The Court will send out proposed jury instructions for discussion at the final pretrial conference.  Additional or alternate instructions are due April 28, 2014.

7)  Plaintiff and Defense counsel must bring their exhibits, marked, to the final pretrial conference.

8)  Objections to exhibits are due April 28, 2014.  Objections must attach the exhibit at issue.

9)  The clerk is directed to issue a video writ to secure Plaintiff's presence at the final pretrial conference.

ENTER:  January 23, 2014

FOR THE COURT:

                                    **s/Sue E. Myerscough**
                                SUE E. MYERSCOUGH
                 UNITED STATES DISTRICT JUDGE